JUSTICE LEAPHART
specially concurring.
¶36 I concur in the result reached in this case.
¶37 The functional difference between the hearsay rule and the *438 Confrontation Clause has to do with the type of out-of-court statements addressed by each. While the hearsay rule is concerned with all out-of-court statements, “not all hearsay implicates the Sixth Amendment’s core concerns.” Crawford, 541 U.S. 36, 124 S.Ct. at 1364, 158 L.Ed.2d at 192. In Crawford, the United States Supreme Court explained that the Confrontation Clause is concerned with “testimonial statements” made by those who are “witnesses against” the accused, or those who “bear testimony.” Crawford, 541 U.S. at 36, 124 S. Ct. at 1364, 158 L.Ed.2d at 192. In other words, the Confrontation Clause does not reach “nontestimonial” hearsay.
¶38 In the present case, we conclude that, since certification reports are non-substantive and non-testimonial in nature, a more specific Confrontation Clause objection was necessary.
¶39 I would not, however, necessarily require this degree of specificity under all circumstances. For example, in a case involving a substantive out-of-court statement against the accused, defense counsel could make a colorable argument that a hearsay objection to the statement would double as a Confrontation Clause objection, since, under those circumstances, the hearsay rule is protecting the same values as the Confrontation Clause- i.e., excluding out-of-court testimonial statements by those who bear witness against the accused.